IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Strategic Ambulance, Inc., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:05-CV-598 |
| | ) | |
| vs. | ) | |
| | ) | |
| Jesse Martinez, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum and Order

This matter is before the Court on Defendants' motion to transfer venue to the Houston Division of the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Defendant's motion is well taken and is **GRANTED.**

I. Procedural History

Plaintiffs are Ohio residents. In June 2005, Plaintiffs Strategic Ambulance Service, Inc., and Pride EMS (Ohio), LLC, entered into an agreement (the "Agreement") with some of the Defendants herein to provide business support services and certain limited financial support to Pride EMS (Texas), LLC. The Agreement included a provision choosing Ohio law and authorizing an Ohio court to exercise jurisdiction over claims arising under the Agreement. That provision did not identify an Ohio court as the exclusive jurisdiction for disputes between the parties.

In July 2005, as the relationship between the parties to the Agreement was breaking down, Pride EMS (Texas), LLC, filed suit against the Ohio parties in a state court in Texas. They asserted claims of conversion and unjust enrichment, as well as a claim for declaratory judgment. Plaintiffs herein removed that suit to the United States District Court for the Southern District of Texas. Later, they initiated this action for breach of contract and related claims in this Court. Defendants seek the transfer of this action to the Texas court where the earlier filed action is pending, pursuant to 28 U.S.C. § 1404(a).

II. Applicable Legal Standards

Section 1404(a) permits a court to transfer any action "[f]or the convenience of the parties and witnesses, in the interest of justice." Pursuant to that provision, a court may transfer an action "to any other district or division where it might have been brought." Plaintiffs apparently recognize that this action "might have been brought" in the Southern District of Texas. Accordingly, the question before the Court is whether transfer is appropriate "for the convenience of the parties and witnesses, in the interest of justice."

The burden of establishing that a transfer is appropriate is upon the party seeking the transfer. See Shapiro v. Merrill Lynch & Co., 634 F. Supp. 587, 589 (S.D. Ohio 1986). The factors to be considered under 28 U.S.C. § 1404(a) are similar to those weighed by courts in determining forum non conveniens motions; however, transfers under § 1404(a) may be granted "upon a lesser showing of inconvenience." Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955). Courts are required to consider both the private interests of the litigants and the public's interest in the administration of justice. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947).

The ultimate decision whether to transfer venue under § 1404(a) is left to the discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Jamhour v. Scottsdale Ins. Co., 211 F.Supp. 2d 941, 944 (S.D. Ohio 2002). The question of whether a case should be transferred under § 1404(a) is a matter of federal law. See Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531, 534 (6th Cir. 2002)(citing Stewart Org, 487 U.S. at 28). In considering a motion to transfer venue, a district court must weigh a number of "case specific factors" in order to assess convenience and fairness. See Stewart Org., 487 U.S. at 29. These factors include "the convenience of parties and witnesses, 'public-interest integrity,' and private concerns falling under the heading 'the interest of justice.'" Kerobo, 285 F.3d at 537.

If the determinative factors suggest that transfer to a forum would be convenient, the Court must then balance the defendant's desire for transfer against the plaintiff's choice of forum. See Fogel v. Wolfgang, 48 F.R.D. 286, 289 (S.D.N.Y. 1969). This Court has held both that a "plaintiff's choice of forum is given considerable weight and the balance of convenience, considering all relevant factors, must be strongly in favor of a transfer before such will be granted," Artisan Development v. Mountain States Development Corp., 402 F. Supp. 1312, 1314 (S.D. Ohio 1975), and that a plaintiff's choice of forum is not given considerably greater weight than other factors. See Neff Athletic Lettering, 524 F. Supp. at 272; Mead Corp. v. Oscar J. Boldt Construction Co., 508 F. Supp. 193, 198 (S.D. Ohio 1981). These contrasting views were harmonized in Wendy's International, Inc. v. Suburbia Submarine Sandwich Shoppes of Milwaukee, Inc., No. C-2-84-1243, slip op. at 7 (S.D. Ohio 1985), in which the Court held that the "trial court retains discretion to determine the weight to be given the plaintiff's choice of forum on a case-by-case basis."

3

A mandatory forum selection clause is a significant factor that figures centrally into the district court's calculus. Where the forum selection clause is permissive, however, rather than mandatory, it is not a significant factor weighing in favor of the selected forum. See First Solar, LLC v. Rohwedder, Inc., No. 3:04 CV 7518, 2004 WL 2810105, *2 (N.D. Ohio Dec. 8, 2004).

The "first-to-file" rule provides that "when identical suits are pending in two [federal district] courts, the court in which the first suit was filed should generally proceed to judgment." Plating Resources, Inc. v. UTI Corp., 47 F.Supp.2d 899, 903 (N.D. Ohio 1999)(quoting In re Burley, 738 F.2d 981, 988 (9th Cir. 1984)). It is a rule of comity among federal courts of equal rank. "[C]ourts should invoke the rule when two suits involving substantially the same parties and purpose have been filed in a concurrent jurisdiction." Id. (citing Barber-Greene Co. v. Blaw-Knox Co., 239 F.2d 774, 778 (6th Cir. 1957)). In determining whether the first-to-file rule warrants a dismissal or transfer, courts usually consider the following: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues in each case. See id. Courts may dispense with the first-to-file rule if equity so requires. See Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., No. 00-3183, 2001 WL 897452, *3 (6th Cir. 2001). Equitable considerations include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. See Smithers-Oasis Co. v. Clifford Sales & Marketing, 194 F.Supp.2d 685, 687 (N.D. Ohio 2002). Although application of the first-to-file rule is discretionary, the "rule's importance 'should not be disregarded lightly.'" Plating Resources, 47 F.Supp.2d at 903 (quoting Church of Scientology v. United States Department of the Army, 611 F.2d 738, 750 (9th Cir. 1979)).

4

III. <u>Analysis</u>

The parties have raised assorted arguments about convenience of the parties and witnesses. Neither Plaintiffs nor Defendants have persuaded the Court that the balance of convenience favors their position. Rather, the Court is convinced that continuing jurisdiction in this Court would be as inconvenient to Defendants as transfer would be to Plaintiffs. In other words, the balance of convenience is in equipoise and is not a dispositive factor.

The Court is equally persuaded that the forum selection clause, which is permissive in this case, is not a significant factor. The pertinent clause does not exclude any other jurisdiction as a venue but merely authorizes the filing of a suit in an Ohio court.

The Court's presumption in this case would be that this matter ought to be transferred to the Southern District of Texas where the earlier filed action is pending. Plaintiffs do not seriously contest Defendants' assertion that this action and the Texas action involve substantially the same parties and purpose.[1] They contend, however, that Defendants have engaged in bad faith, forum shopping, and anticipatory filing and that, for those reasons, equity demands that the Court deny their motion to transfer venue.

With one exception, Plaintiffs' bad faith arguments do not go to the initiation of the lawsuit in Texas. Rather, they contend that Defendants have engaged in bad faith in trying to evade the jurisdiction of this Court. Those arguments relate to Defendants' motion to dismiss

---

[1] The Court recognizes that Defendants initiated their action in a Texas state court. Plaintiffs removed that action to the federal district court before filing this action, however. The comity principle underlying the first-to-file rule is, therefore equally served by deference in this case as it would be had Defendants initiated their action in the federal district court in Texas. Plaintiffs have identified no basis for meaningful distinction.

5

this action against certain of them for lack of personal jurisdiction, and the Court does not perceive that they have a bearing upon the equitable analysis relating to Defendants' motion to transfer venue.

Plaintiffs have argued that Defendants lulled them into not filing an action in this Court sooner than they did by ostensibly engaging in settlement discussions while directing their attorney to prepare the Texas lawsuit. Plaintiffs contend that that conduct on Defendants' part amounted to bad faith and anticipatory filing in an effort to engage in forum shopping.

The Court agrees that Defendants' conduct, if it is accurately described by Plaintiffs, raises a specter of bad faith. At the very least, Defendants were likely not engaging in settlement discussions in complete good faith if they were preparing to file suit while discussions were ongoing. On the other hand, this is not a case in which Defendants have filed an action for only declaratory judgment with the obvious purpose of ensuring that any lawsuit between the parties would be in Defendants' preferred forum. See, e.g., Emergency Dictation Services, Inc. v. Cbay Systems, Ltd., No. 05-72137, 2005 WL 2769006, *3 (E.D. Mich. Oct. 25, 2005). The Court cannot say, conclusively, that Defendants' conduct was inequitable such that the Court must disregard the general rule that the appropriate venue lies where the first suit was filed. See In re American Medical Systems, Inc., 75 F.3d 1069, 1088 (6th Cir. 1996). In accordance with that rule, the Court concludes that Defendants' motion to transfer venue (Doc. 8) is well-taken.

IV. Conclusion

For those reasons, Defendants' motion to transfer venue (Doc. 8) is hereby **GRANTED**, and this action is **TRANSFERRED** to the Houston Division of the United States District Court for the Southern District of Texas and **CLOSED** on this Court's docket.

**IT IS SO ORDERED.**

                                          /s/
                                  Sandra S. Beckwith, Chief Judge
                                  United States District Court